| |
|---|
| **Matter of Drill** |
| 2026 NY Slip Op 30204(U) |
| February 2, 2026 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2024-3432 |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
Probate Proceeding, Will of

      CRAIG DRILL,

                          Deceased.
-------------------------------------------------------------------------x

DECISION AND ORDER

File No. 2024-3432

GINGOLD, S.

The following papers were read in determining these motions:

|  | Papers Numbered |
|---|---|
| Notice of motion dated November 26, 2025 – Affirmation of Angelo Grasso filed December 1, 2025 and exhibits | 1-2 |
| Notice of motion dated December 3, 2025 – Affirmation of Delton Vandever dated December 3, 2025 | 3-4 |
| Affirmation of Kyle Durante filed December 12, 2025 and exhibits – Memorandum of Law in Opposition filed December 12, 2025 | 5-6 |
| Reply Affirmation of Delton Vandever filed December 18, 2025 and exhibits | 7 |
| Reply Affirmation of Angelo Grasso filed December 18, 2025 | 8 |

In this probate proceeding, respondents Clifford Drill and Austin Drill move for leave to take the pre-objection examination of petitioner Monica Kathleen Drill pursuant to SCPA 1404(4) and to extend the time to file objections.

Background

Decedent died on June 22, 2024, and was survived by his spouse, Monica Kathleen Drill ("Kathy"), and three children, Clifford and Austin Drill, decedent's children from his first marriage, and Natalie Drill, who is decedent's daughter from his marriage to Kathy. Under the propounded instrument dated October 18, 2012, decedent's entire estate pours-over into the Craig

A. Drill Revocable Trust ("Trust"), executed on the same date. The Trust largely provides for Kathy and decedent's three children, and, in contrast to the purported will, contains an *in terrorem* clause which states that "if any beneficiary under this Agreement of Trust shall, in any manner, directly or indirectly, contest or oppose the validity of this Agreement of Trust . . . then such beneficiary shall forfeit and cease to have any right or interest whatsoever under this Agreement of Trust or in any portion of the trust estate . . . " (Affirmation of Angelo Grasso dated December 1, 2025, Exh. 3, Article Fourteenth). According to the examination of the attorney-drafter, Georgina Slade, Esq., she adds an *in terrorem* clause to the estate planning documents she prepares if specifically requested by a client, and generally drafts the clause into the trust agreement, rather than the will, because the will simply pours-over into the trust, and "the real terms and provisions are in the revocable trust" (Grasso Aff., Exh. 5, Slade Dep. 90-91).

On September 2, 2024, Kathy, as the nominated executor, filed this proceeding seeking to admit the purported will to probate, and preliminary letters issued to her on December 3, 2024. Respondents Clifford and Austin appeared and demanded SCPA 1404 examinations. On January 23, 2025, the court issued its initial scheduling order which directed the parties to complete pre-objection discovery by May 30, 2025. On May 14, 2025, following a conference regarding petitioner's request for a confidentiality order, the court issued an amended scheduling order which required the parties to complete SCPA 1404 discovery by October 31, 2025. The parties continued having discovery disputes and the scheduling order was further amended by orders dated September 9 and September 29, 2025, which extended the pre-objection discovery deadline to November 14, 2025.

On November 14, 2025, after the parties completed the depositions of the attesting witnesses and the attorney-draftsperson, Clifford requested to take Kathy's deposition, as the

2

nominated executor and proponent of the will under SCPA 1404. Petitioner's counsel refused, stating that the deadline to complete pre-objection discovery had expired. These motions followed.

Discussion

Under SCPA 1404(4), any party to a probate proceeding may examine, pre-objection, "any or all of the attesting witnesses [and] the person who prepared the will". The statute further provides that if the propounded will contains an *in terrorem* clause, the parties may also take the pre-objection examination of "the nominated executors in the will and the proponents". Under the safe harbor provisions of EPTL 3-3.5, these preliminary examinations by a beneficiary will not result in forfeiture of a bequest despite the presence of an *in terrorem* clause in the will. The purpose of these statutes is to further "the public policy of ensuring that wills are genuine and valid before they are admitted to probate" by allowing "broad latitude in discovery of matters that could provide the basis for objections" (*Matter of Singer*, 13 NY3d 447, 451-52 [2009]).

While these statutes govern *in terrorem* clauses in wills, as opposed to *inter vivos* trusts, respondents argue that the safe-harbor provisions are applicable under the circumstances here. In support, respondents cite to *Matter of Adams*, where the Surrogate granted respondent's motion to depose the proponent under SCPA 1404, holding that "[s]imply because the *in terrorem* clause is in the Trust and not in the will should not result in the beneficiary from being foreclosed from exercising any rights she has pursuant to EPTL 3-3.5" (*Matter of Adams*, 70 Misc 3d 281, 284 [Sur Ct, Nassau County 2019], *aff'd* 204 AD3d 993 [2d Dept 2022]). Here, decedent's entire estate pours-over into the Trust, executed on the same date as the purported will, and which, according to the attorney-draftsperson, contains the real terms and provisions of the decedent's testamentary plan. Like in *Adams*, there is simply no reason that respondents should have to forego their rights under SCPA 1404 simply because the *in terrorem* clause is in the Trust and not in the purported

3

will. Thus Kathy, as the nominated executor under the will, falls within the category of persons who may be deposed under SCPA 1404 without fear of triggering the *in terrorem* clause (*Id*).

In opposition, petitioner does not challenge the legal sufficiency of this argument. Rather, she simply opposes the motion on the ground that respondents have failed to comply with the November 14, 2025, discovery deadline set forth in the court's order. However, it is axiomatic that this court has broad discretion to supervise discovery deadlines, including extending the time to file objections under SCPA 1410 (*Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc*, 11 NY3d 843, 845 [2008] ["Generally, the trial court is afforded broad discretion in supervising disclosure and its determinations will not be disturbed unless that discretion has been clearly abused."]; *Matter of Orlowski*, 281 AD2d 422, 423 [2d Dept 2001] ["The Surrogate's Court has the discretion to allow the filing of objections beyond the time limitation established under SCPA 1410, as that court's paramount concern is to admit only valid wills to probate."]). Petitioner has not demonstrated that she would be prejudiced in any way by the requested examination or a brief extension of the deadlines, particularly given the numerous discovery disputes and adjournments in this case to date.

Accordingly, it is

ORDERED that the motions are granted; and it is further

ORDERED that the deadline to conduct the pre-objection examination of petitioner is extended to February 27, 2026; and it is further

ORDERED that verified objections to the probate of the will, if any, shall be filed and served no later than ten days after the completion of the examination pursuant to SCPA 1410; and it is further

4

[* 4]

ORDERED that the parties and counsel shall appear in court for a settlement conference on March 26, 2026 at 2:15 p.m., at 31 Chambers Street, New York, New York, courtroom 509.

Dated: ~~January~~ February 2nd, 2026

_____
S U R R O G A T E

To:

Deborah Skakel, Esq.
Deborah.skakel@blankrome.com
Attorney for Petitioner

Angelo Grasso, Esq.
agrasso@gss-law.com
Attorney for Respondent Clifford Drill

Delton Vandever, Esq.
dvandever@windelsmarx.com
Attorney for Respondent Austin Drill

[* 5]